FILED
SUPERIOR COURT
OF GUAM

2014 OCT -7 PM 3: 18

CLERK OF COURT
BY

# IN THE SUPERIOR COURT
# OF GUAM

KIYOHARU KOBANA, INC., a Guam ) Civil Case no. CV0039-13
Corporation, )
)
              Plaintiff, )
)
)
v. )
) **DECISION AND ORDER**
DAVID YOKOZEKI; NAOMI COLE; )
ROYAL CORPORATION, a Guam )
Corporation, and Doe Defendants "1-50", )
)
              Defendant, )
)
_____ )
)
David YOKOZEKI and ROYAL )
CORPORATION, a Guam Corporation, )
)
              Counterclaim Plaintiffs, )
v. )
)
KIYOHARU KOBANA and KOBANA, Inc., )
a Guam Corporation, )
)
              Counterclaim Defendants. )
_____

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiffs' Motion to Enforce Settlement, was taken under advisement on August 23, 2014. Plaintiffs were represented by attorney Wayson W.S. Wong. Defendants were represented by attorney Tim Roberts. After having carefully

considered, received, and reviewed the arguments, papers, and the file herein, the Court GRANTS in part Plaintiffs' motion. Accordingly, consistent with this order and the parties' June 17, 2014 referenced settlement agreement, Defendants are ordered to prepare and submit, within the next fourteen days, a judgment of dismissal. It shall incorporate the necessary terms of the settlement agreement and Exhibits A through D of the same. It shall be provided to Plaintiffs to be approved as to form or objected to within seven days of its receipt. It shall then promptly be submitted to this Court for its review and order.

## BACKGROUND

I.

This matter arises out of Plaintiff's January 25, 2013, Complaint for: Count One, Breach of Trust; Count Two, Fraud; Count Three, Breach of Fiduciary Duties; Count Four, Theft or Wrongful Taking; Count Five, Conversion; Count Six, Punitive Damages; and Count Seven, Conspiracy. Compl. at 3-28. Plaintiff's complaint requests that: 1) the Defendants, as result of the above counts, be required to provide a full accounting of all incomes and expenses arising out of its Anigua property; 2) the Court impose a constructive trust on the Anigua Property and all monies received from it; 3) the Court enter a judgment against the Defendants for damages. *Id.* 28-29.

II. a)

On July 10, 2014, Plaintiffs filed a motion to enforce settlement agreement. Mot. at 1. In it they assert and argue that this matter was settled on June 17, 2014 and request that the agreement be enforced. *Id.* As to count two of their complaint, constructive trust, their motion

also includes a request for partial summary judgment.[1] *Id.* at 2.

As to their request for enforcement of settlement agreement, Plaintiffs asserts that on June 17, 2014, the parties through counsel, entered into a written stipulation settling all claims. *Id.* The settlement, absent two exhibits which had not yet been approved as to form, was referenced in a joint motion for extension, approved and signed by the Court on June 19, 2014. *Id.* 2-3. The settlement also referenced four exhibits, A through D. *Id.* Exhibit A is a warranty deed transferring the Anigua property from Royal Corporation to Kobana, Inc. *Id.* at 3. Exhibit B is an ownership encumbrance report of the Anigua property that had been prepared by Security Title. *Id.* at 3. Exhibit C was to contain an assignment of Royal Corporation's existing rights under its leases of the Anigua Property to Kwikspace. *Id.* at 10. Exhibit D was to contain a release to any interest Defendants may have in lease funds being held in trust by the current lessee, Kwikspace. *Id.* at 13.

Plaintiffs argue that subsequent to the approval of the settlement agreement the Defendants breached the agreement by insisting that Exhibit C contain waiver and indemnification clauses not specified in the settlement agreement. *Id.* 9-14. Plaintiffs assert and argue that while the settlement agreement had yet to be signed by Kiyoharu Kobana, all of its terms had been agreed upon and approved by the Court and counsel. *Id.* They argue that the settlement is sufficiently specific to be enforceable. *Id.* Lastly Plaintiffs argue that Defendants breach of the agreement entitles them to an order of specific performance and damages. *Id.* at 14-17.

II. b)

Defendants filed their opposition on August 4, 2014. In it they argue that Exhibits C and D were necessary to the completion of the settlement and that absent their approval there was no settlement. Opp. at 1-2. Additionally Defendants cite to the email exchanges between the

---

[1] While Plaintiffs indicate that their motion includes a request for summary judgment. This request is not discussed or analyzed in their motion to enforce settlement but was filed as a separate paper. Accordingly it is not addressed here.

parties which evidence that on June 17, 2014 the Plaintiffs did not believe a final settlement had been reached. *Id.* at 2-3. They further cite to the agreement itself, arguing and reasoning that it would be outside the plain reading of the agreement and illogical for them to have agreed to anything short of a release and waiver of any claims arising out of their leases of the property to Kwikspace; not insisting on waiver would expose them to a subsequent indemnity suit by Kwikspace and defeat their intent to settle all claims. *Id.* at 4-9. In conclusion, distinguishing and further explaining the cases upon which Plaintiffs rely, Defendants argue that there was no agreement. *Id.* Alternatively they assert that if there was a settlement agreement it included the waiver and release of all claims against the lessee.[2]

## II. c)

Plaintiff's filed their reply on August 15, 2013. Reply at 1. Plaintiffs first respond to the arguments and allegations raised in Defendants' supplemental motion. *Id.* at 3-5. They dispute the assertion that Plaintiffs were aware of the cause of action more than three years prior to bringing suit and that Plaintiff Kobana has not been forthright about his cancer diagnosis. *Id.*

As to the settlement agreement they re-assert their argument that it is not disputed that there was a written settlement agreement, only whether the exhibits complied with the terms of the settlement. *Id.* at 5. Plaintiffs further explain the intention behind the emails cited by Defendants. *Id.* at 6. They re-emphasize that their post settlement emails do not diminish the fact that both counsel agreed to settle and that in writing they advised the Court of they had settled the matter. *Id.* Plaintiffs reassert their argument that the plain language of the settlement

---

[2] On August 7, 2014, Defendants filed a paper entitled Defendants' Supplemental Memorandum 1) in Opposition to Plaintiffs' Motion to Enforce Settlement, and 2) in Support of Defendants' June 20, 2014, Motion to Dismiss. The paper asserts and discusses whether Plaintiffs' recent discovery disclosure has revealed information which would, upon statute of limitation grounds, merit dismissal and sanctions. While the Guam Rules of Civil Procedure allow for jurisdictional challenges to be raised at any time the Court is unaware of any rule permitting for its consideration in this ancillary format. As Defendants' cite no rule allowing for or contemplating the filing of this paper, it will not be considered by the Court here. Moreover issues of jurisdiction often motivate settlement and the Court does not find it inappropriate to consider this motion to enforce settlement first.

simply allows for an assignment of right and does not mention or require ratification of the lease or indemnification of Defendants. *Id.* at 7-8.[3] [4]

## DISCUSSION

The issue of a moving party's burden in this instance has yet been yet to be decided by the Guam Supreme Court. A review of U.S. Federal Appellate Court decisions reveals that a movant requesting the enforcement of a settlement agreement must show that the material facts, necessary to the finding the existence of an agreement, are not disputed. *Chavez v. New Mexico*, 397 F.3d 826, 831(10th Cir. 2005); *Bandera v. City of Quincy*, 344 F.3d 47, 50 (1st Cir. 2003) (citing *Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir.1999)(in general a trial court may not summarily enforce a settlement agreement if material facts are in dispute as to the validity or terms of the agreement)); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994)( a court has no discretion to enforce a settlement where material facts are in dispute). Because finding the existence of a settlement agreement has the potential to summarily dispose of the matter, the court will view the facts asserted by the movant in the light most favorable to the non-movant. Guam R. Civ P. 56.

In 2009 the Guam Supreme Court held that a settlement agreement is enforceable like any other binding contract and that contract principles apply to its interpretation. *Blas v. Cruz*, 2009 Guam 12 ¶ 11 (citing, *Leon Guerrero v. Moylan*, 2000 Guam 28 ¶¶ 8-9) (contract principles apply to the interpretation of settlement agreements); see also 15A C.J.S. Compromise & Settlement § 77; 15B Am. Jur. 2d Compromise and Settlement §§ 40-41. The *Blas* Court explained that the, "[e]ssential elements of a contract include an offer, acceptance, and consideration. . . . plaintiffs must show: 'an offer encompassing all essential terms,

---

[3] On August 18, 2014, Defendant filed a paper entitled, Plaintiff Kobana, Inc.'s First Amended Reply Memorandum for Plaintiff Kobana, Inc.'s Motion to enforce Settlement and Alternative Motion for Summary Judgment. The Court is unaware of any rule allowing for the consideration of this motion. Accordingly it shall not be considered here.

[4] The remainder of Plaintiffs reply is dedicated to addressing his separate arguments for partial summary judgment and will not be addressed in this order.

unequivocal acceptance by the offeree, consideration, and an intent to be bound." *Blas v. Cruz*, 2009 Guam 12, ¶ 18 (citations omitted).

In this case it is undisputed that on June 17, 2014, the parties had agreed to the terms of a memorialized settlement paper, entitled, Confidential Settlement Agreement and Release of All Claims. Reply at 5 and Opp. at 1. That the parties had settled the case was memorialized and executed in a paper entitled Stipulation to Extend Discovery filed with this Court on June 19, 2014. Mot. at Ex. 2. It is also undisputed that the parties approved two of the four exhibits, Exhibits A and B. Reply at 5 and Opp. at 1.

Disputed by the parties is the issue of whether the above agreement sufficiently specified all essential terms or whether additional terms were required to be set forth in the remaining two omitted exhibits. *Id*. In 2004 the Guam Supreme Court, citing cases from the Indiana Courts of Appeal, explained that a contract's essential terms are those which make a contract enforceable, such as: identification of the parties, the time, method of payment, the property to be exchanged, the closing date, down payment, purchase price, and terms and conditions of financing. *Mobil Oil Guam, Inc. v. Tendido*, 2004 Guam 7 ¶ 35-36. A review of the parties' settlement paper in this case reveals that it sufficiently described of each of its essential terms. *Id*.

The party's agreement referenced the attachment of two exhibits which were not attached and had not yet been prepared. Mot. at Ex. 3. However the contents and the terms of these two exhibits are not subject to reasonably different interpretations and are sufficiently described to make their preparation and approval a mere matter of form. *Mobil Oil Guam, Inc.*, 2004 Guam 7 ¶¶ 35-36; *Guerrero v. Guerrero*, 2014 Guam 6 ¶ 16. As explained by the Guam Supreme Court in 2014,

> Guam follows the traditional approach of contract interpretation. Under this approach, courts look to the four corners of a contractual agreement to determine whether, as a matter of law, any ambiguity exists. They will consider extrinsic evidence only if there is ambiguity in the contract. We have recognized that an ambiguity exists when a document on its face, it is capable of two different reasonable interpretations.

*Guerrero*, 2014 Guam 6 ¶ 16 (citations omitted). Exhibit C of the agreement requires that leases described in the agreement be assigned to Plaintiff Kobana, Inc.; "Royal Corporation will give Kobana, Inc. a fully signed and notarized written assignment of all its rights under the Leases." Mot. at Ex. 3 pg. 5. However and additionally, as described earlier in the settlement document, the assignment is required to be drafted in manner so as to release Defendant of all claims which were or could have been raised in the litigation. *Id.* at pg. 3. One of the specifically anticipated disputes listed in the agreement is any dispute arising from the,

> [f]ormer or present Leases and / or Subleases on the Property, express or implied, including but not limited to the Leases dated December 1, 1997, May 1, 2008, March 1, 2010 between Royal Corporation and KwikSPACE Guam, Inc. aka KWIKSPACE Inc. ("Kwikspace"), and regarding any term or obligation therein (collectively "Leases").

*Id.* at pgs. 2-3. In light of this, the Court finds that the plain language of the parties' agreement requires that the assignment of Defendants' leases include the release or indemnification of any future challenge to the validity of these leases. *Guerrero*, 2014 Guam 6 ¶ 16.

## CONCLUSION

Based on the foregoing, the Court GRANTS in part Plaintiffs' motion. Consistent with this order and the parties' settlement agreement, Defendants are ordered to prepare and submit, within the next fourteen days, a judgment of dismissal incorporating the necessary terms of the settlement agreement and Exhibits A through D of the same agreement.[5]

//

//

---

[5] The Court's order to enforce is made pursuant to the authority persuasively explained by the U.S. Supreme Court in 1994, concerning a trial court's jurisdiction to enforce settlement agreements. see, *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).

These papers shall be provided to Plaintiffs to be approved as to form or objected to within seven days of their receipt. It shall then promptly be submitted to this Court for its review and order.

SO ORDERED, this _____ 1st _____ day of _____ Oct _____, 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: W. Wong; T. Roberts
Date: 10/7/14  Time: 3:30 p

Deputy Clerk, Superior Court of Guam